Michael A. HOLLON, Plaintiff–Appellant,

v.

Raymond JUSTAK, et al., Defendants–Appellees.

No. 04–2647.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 10, 2004.*

Decided Dec. 10, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Michael A. Hollon, Pendleton, IN, pro se.

Steve Carter, Office of the Attorney General, Indianapolis, IN, for Defendants–Appellees.

Before POSNER, KANNE, and, SYKES, Circuit Judges.

**ORDER**

Michael Hollon was sentenced by an Indiana court in 1978 to life imprisonment as a result of his conviction for second-degree murder. *See Hollon v. State,* 272 Ind. 439, 398 N.E.2d 1273 (1980). The Indiana Parole Board denied Hollon's applications for parole in both 1997 and 2002, and scheduled his next hearing for 2007. Hollon, however, believes he is entitled to an earlier hearing and filed an action under 42 U.S.C. § 1983. At the time Hollon committed the murder, inmates who were eligible for parole received annual hearings at which they were considered for release. But the state legislature subsequently amended the statute governing release on parole to provide that after an unsuccessful application an inmate would not receive another hearing for five years, unless special circumstances warranted an earlier hearing. *See* 1995 Ind. Acts 147 (amending Ind. Code § 11–13–3–3(k) to add five-year waiting period). Hollon argues that this change constitutes an unconstitutional ex post facto law and should not be applied to him. The district court dismissed his complaint at screening, *see* 28 U.S.C. § 1915A(b), and he appeals. We affirm.

A law violates the Ex Post Facto Clause, U.S. CONST. art. I, § 9, cl. 3, if it either criminalizes an act that was innocent when committed, or increases the punishment for a crime after its commission. *O'Grady v. Vill. of Libertyville,* 304 F.3d 719, 723 (7th Cir.2002). Hollon contends that the revised parole procedure has potentially increased his term of imprisonment by depriving him of more frequent opportunities to convince the parole board of his suitability for release. His argument faces a formidable obstacle because two Supreme Court decisions have held that similar changes in state parole procedures did not constitute ex post facto laws. *See Garner v. Jones,* 529 U.S. 244, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000) (upholding Georgia administrative regulation changing frequency of parole hearings for prisoners serving life sentences from every three years to every eight years); *Cal. Dep't of Corr. v. Morales,* 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) (upholding California statute reducing frequency of parole hearings for prisoners convicted of multiple murders from yearly to every three years).

But regardless of the specifics of the changes in the Indiana parole statute, Hollon's claim faces a more fundamental problem: both at the time he committed the murder and at the time he was sentenced, Indiana prisoners serving life sentences were ineligible for parole. When parole was first established in Indiana, the only prisoners eligible were those serving indeterminate sentences. *White v. Ind. Parole Bd.,* 713 N.E.2d 327, 329 (Ind.Ct.App. 1999). A revised statute in 1974 made prisoners serving determinate sentences eligible for parole. *Id.* at 331. But prisoners serving life sentences, which Indiana deems neither determinate nor indeterminate, did not become eligible for parole until 1979 when the legislature again amended the eligibility statute. *Id.* at 331–32. Hollon, who committed his crime in 1977 and was sentenced in 1978, thus

had no statutory entitlement whatsoever to parole consideration until after he began serving his sentence. Rather than violating the Ex Post Facto Clause by retroactively increasing the penalty for Hollon's crime, the state legislature potentially *lessened* the penalty imposed on Hollon in 1978 by later granting him at least a chance to be paroled. Accordingly, the district court correctly dismissed Hollon's complaint.

Lastly, we note that Hollon has earned two "strikes" under the Prison Litigation Reform Act because both his initial suit and this appeal were frivolous. *See* 28 U.S.C. § 1915(g).

AFFIRMED.